IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID L. WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 11-196-GMS |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

David L. Williams. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

**MEMORANDUM OPINION**

_March 12_, 2014
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner David L. Williams ("Williams"). (D.I. 3) For the reasons discussed, the court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2008, Williams was indicted on the following charges: (1) possession with intent to deliver a narcotic schedule I controlled substance (heroin); (2) distribution of a controlled substance (heroin) within 300 feet of a park, recreation area or place of worship; (3) possession of a controlled substance (heroin) within 1000 feet of a school; and (4) loitering. *See State v. Williams*, 2010 WL 2396973, at *1 (Del. Super. Ct. May 28, 2010). On August 27, 2008, petitioner filed a motion to suppress heroin that had been found on or near him during a police search of his person, contending that police officers had no reasonable suspicion to stop him and that the officers' patdown search was unjustified. (D.I. 18, State's Resp. to Rule 26(c) Brief, in *Williams v. State*, No. 147,2009) The Superior Court denied the motion on October 10, 2008, and a stipulated bench trial was held on October 23, 2008. In exchange for agreeing to a stipulated bench trial, the State *nolle prossed* the charges of possession with intent to distribute heroin and possession of heroin within 1000 feet of a school. After hearing the evidence, the Superior Court found Williams guilty of distribution of heroin within 300 feet of a park, but acquitted him of loitering. *Id*. On March 6, 2009, the Superior Court sentenced Williams as an habitual offender to ten years at Level V incarceration. *Id*. The Delaware Supreme Court affirmed Williams' conviction and sentence on direct appeal. *See Williams v. State*, 981 A.2d 1174 (Table), 2009 WL 2959644 (Del. Sept. 16, 2009).

1

In December 2009, Williams filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging two grounds for relief: (1) illegal search and seizure; and (2) defense counsel provided ineffective assistance. *See Williams v. State*, 2010 WL 2396973 (Del. Super. Ct. May 28, 2010). After briefing, the Superior Court denied ground one as procedurally barred by Rule 61(i)(4) and ground two as meritless. *Id.* The Delaware Supreme Court affirmed that decision on post-conviction appeal. *See Williams v. State*, 12 A.3d 1155 (Table), 2011 WL 252948 (Del. Jan. 26, 2011).

Williams timely filed a petition for federal habeas relief. (D.I. 3) The State filed an answer in opposition. (D.I. 16)

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford*, 538 U.S. at 206.

2

### B. Standard of Review Under AEDPA

If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). When determining whether the Federal law is "clearly established," the focus is on Supreme Court holdings, rather than dicta, that were clearly established at the time of the pertinent state court decision. *See Greene v. Palakovich*, 606 F.3d 85 (3d 2010).

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams*, 529 U.S. at 412.

3

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011).

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Williams asserts two grounds for relief in his petition: (1) the police violated his Fourth Amendment rights because they did not have a reasonable suspicion to stop him and pat him down; and (2) counsel provided constitutionally ineffective assistance before and during the suppression hearing. The State contends that claim one should be denied for failing to state a claim reviewable on habeas review, and that claim two should be denied for failing to satisfy § 2254(d). The court will review the claims in seriatim.

### A. Claim One: Fourth Amendment Violation

In claim one, Williams contends that the police improperly searched him and seized his property in violation of his Fourth Amendment rights, and that the Superior Court's denial of his suppression motion was based on erroneous findings of fact. Specifically, Williams contends that the police lacked reasonable suspicion to stop him, pat him down, and arrest him.

This claim is not cognizable on federal habeas review under the doctrine established in *Stone v. Powell*, 428 U.S. 465, 494 (1976). In *Stone*, the Supreme Court held that a federal court cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *See also Wright v. West*, 505 U.S. 277, 293 (1992). A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1980); *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore, avoids the *Stone* bar, if the state system contains a structural defect that prevented the state court from fully and fairly hearing that Fourth Amendment argument. *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

Here, Williams filed a pre-trial motion to suppress pursuant to Rule 41 of the Delaware Superior Court Rules of Criminal Procedure, which was denied by the Superior Court after a hearing. Williams filed a direct appeal challenging the Superior Court's denial of the suppression motion, and the Delaware Supreme Court affirmed the lower court's decision. Williams then presented the instant Fourth Amendment claim in his Rule 61 motion, which the

Superior Court denied as procedurally barred. In turn, the Delaware Supreme Court affirmed that decision on post-conviction appeal.

The fact that Delaware provides these mechanisms for presenting Fourth Amendment issues, and that Williams actually utilized these mechansims, demonstrates that Williams had a "full and fair opportunity to litigate" his Fourth Amendment claim for federal habeas purposes. The correctness of the state courts' resolution, or Williams' dissatisfaction with the resolution, is irrelevant when determining if a defendant had a "full and fair opportunity to litigate" a Fourth Amendment claim. *See, e.g., Marshall*, 307 F.3d at 82 (holding that "[a]n erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar."); *Gilmore v. Marks*, 799 F.2d 51, 56 (3d Cir. 1986). Accordingly, the court will deny claim one as barred by *Stone*.

### B. Claim Two: Ineffective Assistance of Counsel

In his second claim, Williams contends that defense counsel provided ineffective assistance by failing to: (1) conduct any pretrial investigation of the evidentiary facts and enter the surveillance video as evidence at the suppression hearing;[1] (2) include any case citations in the suppression motion; and (3) subject the State's case to meaningful adversarial testing. The Superior Court denied Williams' ineffective assistance of counsel claim as meritless, and the Delaware Supreme Court affirmed that decision. Given the Delaware Supreme Court's adjudication of claim two, the court can only grant habeas relief if the Delaware Supreme

---

[1] The first ineffective assistance allegation contained in claim two of Williams' memorandum asserts that counsel erred by failing to conduct any pretrial investigation and by failing to admit the surveillance video. The fourth ineffective assistance allegation in claim two also complains about counsel's failure to enter the surveillance video as evidence. Given this overlap of issues, the court will review the arguments together.

6

Court's denial of the instant ineffective assistance of counsel claim was contrary to, or an unreasonable application of, clearly established Federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the court notes that the Delaware Supreme Court specifically applied the *Strickland* standard in affirming the Superior Court's decision. Therefore, the Delaware Supreme Court's decision was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision

7

applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court's inquiry is not over, however, because it must also determine if the Delaware Supreme Court reasonably applied the *Strickland* standard to the facts of Williams' case. When performing this inquiry, the court must review the Delaware Supreme Court's decision with respect to Williams' ineffective assistance of counsel claim through "doubly deferential" lens. *Harrington v. Richter,* 131 S.Ct. 770, 788 (2011). In other words, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

### 1. Counsel's inadequate preparation and investigation of facts and failure to admit the surveillance video

Williams contends that counsel provided ineffective assistance by failing to familiarize himself with the pertinent facts surrounding his case, and that counsel's unfamiliarity with the case resulted in the following three errors. First, counsel failed to correct the judge's mistaken belief that Williams was observed in a high crime area at night when, in fact, Williams was arrested at 10 o'clock in the morning. Second, counsel failed to argue that Williams had a legitimate reason for being in the high crime area where he was observed by police because Williams actually lived in that area. And third, counsel should have entered the surveillance video into evidence because the video would have discredited Officer Sowden's testimony that Williams approached an automobile and engaged in a hand-to-hand drug transaction with the driver. According to Williams, viewing these three errors "cumulatively" demonstrates that counsel's inadequate preparation for the suppression hearing amounted to ineffective assistance.

8

It is well-settled that the police may stop and briefly detain an individual for investigative purposes if they have a "reasonable suspicion" of criminal activity. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002). Reasonable suspicion exists if the police have a particularized and objective basis for suspecting legal wrongdoing, and a court determines the existence of reasonable suspicion by considering the totality of the circumstances of each case. *Id.*

When the Superior Court denied Williams' suppression motion, it explicitly held that, "under the circumstances, there was certainly reasonable articulable suspicion to stop Mr. Williams and to search him." (D.I. 8 at 16) On direct appeal, the Delaware Supreme Court explicitly held that that the totality of the circumstances supported the Superior Court's conclusion that the officers had a reasonable and articulable suspicion to stop Williams. In reaching this conclusion, the Delaware Supreme Court described the evidence as consisting of the following police observations: (1) Williams was in a high crime area with a known criminal; (2) Williams stopped twice in a short period for brief transactions; (3) Williams engaged in a hand-to-hand transaction with someone in a car on the street; (4) Williams and the car both retreated quickly upon seeing the officers; and (5) Williams behaved suspiciously by walking backwards and hiding his hands behind his back, out of the officers' view, as they approached him. *See Williams*, 2009 WL 2959644, at *2.

Then, on post-conviction appeal, when rejecting Williams' first two specific complaints about counsel's performance as set forth in claim two for lack of prejudice, the Delaware Supreme Court explained that,

> [e]ven if counsel had argued that Williams lived in the high crime area where he was observed or had corrected the trial court's misstatement that Williams was observed at night, we find no reasonable probability of a different ruling on the suppression motion. The totality of the other evidence presented at the suppression hearing supported a finding that the officers had reasonable and articulable suspicion to stop Williams.

9

*Williams*, 2011 WL 252948, at *1. With respect to Williams' complaint about counsel's failure to admit the surveillance video, the Delaware Supreme Court again found that Williams did not demonstrate any prejudice resulting from this action. Specifically, the Delaware Supreme Court explained that

> [b]oth the prosecutor and defense counsel had reviewed the surveillance video prior to the hearing and determined that the videotape was taken from so far away as to offer nothing of evidentiary value to contradict the testimony of the officer who conducted the surveillance. Williams has not, and cannot, articulate any specific prejudice to him from counsel's failure to submit the videotape to the Superior Court for review.

*Id.* at *2.

After reviewing Williams' instant complaint about counsel's actions within the context of the aforementioned record and the applicable legal framework, the court concludes that allegation one of claim two does not warrant habeas relief. Even if the court presumed counsel's actions were the result of inadequate pre-trial investigation, Williams has failed to demonstrate a reasonable probability that his suppression motion would have been successful if counsel had acted in the way Williams believe he should have acted. Significantly, both the Superior Court and Delaware Supreme Court clearly determined that the totality of the circumstances amounted to reasonable suspicion to stop Williams. Viewing these decisions through the doubly deferential lens applicable on habeas review, the court cannot conclude that counsel's three alleged errors were prejudicial. As such, the Delaware Supreme Court reasonably applied *Strickland* in denying the instant portion of claim two.

### 2. Legal cites in suppression motion

Williams' next argument is that counsel was ineffective because he did not include any cites to cases involving the Fourth Amendment in the suppression motion. The Delaware

Supreme Court rejected this contention because "Williams has not, and cannot, cite to any case law that would have changed the outcome of the Superior Court's ruling that the totality of the specific circumstances in his case justified the officers' stop of Williams." *Williams*, 2011 WL 252948, at *2.

In this proceeding, Williams appears to contend that counsel should have cited the Supreme Court case *Arzivu* in the suppression motion. However, *Arzivu* sets forth the very "totality of circumstances" standard applied by the Superior Court and the Delaware Supreme Court when they determined that the police had reasonable suspicion to stop him. Williams does not provide any other caselaw he believes should have been included in the suppression motion. Moreover, as explained by the State in its answering brief on post-conviction appeal, the absence of legal cites in the suppression motion was "not outside the norm of practice. Typically, a defendant files a motion to suppress in Superior Court, the State responds with proffer of the expected evidence, and the Superior Court then holds an evidentiary hearing. After an evidentiary hearing, if the Superior Court deems it appropriate, then the parties may file legal memoranda more likely to contain legal citations." (D.I. 18, State's Ans. Br. in *Williams v. State*, No.366,2010, at 10) Given these circumstances, the court cannot conclude that the Delaware Supreme Court unreasonably applied *Strickland* in holding that counsel's failure to include legal cites in the suppression motion did not amount to constitutionally ineffective assistance. Accordingly, the court will deny allegation two of the instant claim for failing to satisfy § 2254(d).

### 3. Adversarial testing of the State's case during the suppression hearing

In his final allegation, Williams asserts that counsel failed to object to police testimony that Williams had been observed walking with an individual named Craig Parker, and that both Williams and Parker were known to police through prior contact. Williams contends that counsel should have objected to this testimony as being pure speculation, because the police did not stop the person with whom he was walking and confirm that individual's identity. Additionally, Williams contends that he does not know anyone named Craig Parker and that his walking companion on the day of surveillance was actually his little cousin. Finally, Williams asserts that the police named Craig Parker as the other individual in order to support the inference that Williams was "criminally affiliated" with other known criminals.

The Delaware Supreme Court denied the instant contention on post-conviction appeal as factually baseless, because defense counsel did, in fact, object when the testifying officer referred to Williams' and Parker's "prior police conduct." (D.I. 8 at 8) The court notes that the transcript clearly reflects defense counsel's objection to the testimony, as well as the Superior Court's overruling of that objection on the ground that prior criminal history and an accused's associations are relevant factors when determining the presence of "reasonable suspicion." (D.I. 8 at 8)

Given this record, the court concludes that the Delaware Supreme Court's decision was based on a reasonable determination of the facts and also involved a reasonable application of *Strickland*. As such, the court will deny the last allegation three of claim two for failing to satisfy § 2254(d).

12

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that Williams' petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Williams' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.